**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-1338**

SHAWNTA D. ROYSTER,

            Plaintiff - Appellant,

      v.

MEGAN J. BRENNAN, Postmaster General; MARY KEARNEY, Postmaster; CARL W. STARLPIER, Supervisor,

            Defendants – Appellees,

      and

JEFFERSON B. SESSIONS III, Attorney General; STEPHEN SCHENNING, Acting U.S. Attorney,

            Defendants.

Appeal from the United States District Court for the District of Maryland, at Baltimore. George L. Russell, III, District Judge.  (1:17-cv-02495-GLR)

Submitted:  June 20, 2019                    Decided:  June 24, 2019

Before NIEMEYER, AGEE, and RICHARDSON, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Shawnta D. Royster, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shawnta Royster, proceeding pro se, filed a complaint setting forth her factual allegations. She then filed an "amended complaint," explaining that she was doing so to correct the statement of jurisdiction in the initial complaint, as well as a misspelling of one of the defendants' names. The amended complaint was incomplete on its face, consisting solely of the amended jurisdictional statement and Royster's prefatory note; it did not include any factual allegations. In granting the defendants' motion to dismiss, the district court declined to consider the factual allegations in the initial complaint, reasoning that it had been superseded by the amended complaint.

The record on a motion to dismiss includes not only the complaint itself, but also documents "expressly incorporated into the complaint by reference," as well as other documents "integral" to the complaint whose authenticity is not in dispute. *Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 166 (4th Cir. 2016). And it is fundamental that pro se complaints must be construed liberally. *Williamson v. Stirling*, 912 F.3d 154, 170 (4th Cir. 2018). Here, the stated purpose of the amended complaint was to correct certain errors and omissions in the initial complaint; it clearly was not meant to stand alone. The district court therefore should have construed it to incorporate by reference the factual allegations in the initial complaint. Accordingly, we grant Royster's motion to appeal *in forma pauperis*, vacate the district court's dismissal order, and remand so that the district court can consider, in the first instance, whether the facts alleged state a claim for relief. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*